**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

PATRICK L. SHERMAN                                                          PLAINTIFF
ADC # 096304

v.                                          3:26CV00156-DPM-JTK

ROB RATTON, Judge, Jackson                                           DEFENDANT
County Circuit Court

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Patrick L. Sherman ("Plaintiff") is in custody at the Grimes Unit of the Arkansas Division of Correction ("ADC").  Plaintiff's Writ of Mandamus (Doc. No. 1) is currently before the Court.

Plaintiff did not pay the $405 administrative and filing fee or submit a Motion to Proceed In Forma Pauperis.  Asking Plaintiff to file a Motion to Proceed In Forma Pauperis would be futile

because he is a "three striker" under the Prison Litigation Reform Act ("PLRA") and, as set out

below, has not established imminent danger.

## II.    SCREENING

The Court is required to screen prisoner actions seeking relief against a governmental entity

or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[1]  Additionally, the PLRA,

28 U.S.C. § 1915(g), provides that:

[i]n no event shall a prisoner bring a civil action[2] or appeal a judgment in a civil
action or proceeding under this section if the prisoner has, on three (3) or more prior

---

[1] The Court must dismiss an action or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  To survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[2] The PLRA does not define "civil action" for the purposes of 28 U.S.C. § 1915(g).  But the Court of Appeals for the Eighth Circuit has acknowledged that "allowing prisoners to circumvent the PLRA merely by labeling their pleadings as mandamus petitions would create 'a loophole Congress surely did not intend in its stated goal of 'discouraging frivolous and abusive prison lawsuits.'" In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997).  In a case in which a three-striker prisoner sought a writ of mandamus in his underlying civil rights action, the Eighth Circuit Court of Appeals refused to consider the merits of the inmate's petition until he paid the filing fee in full. Id. at 529-30.

Here, Plaintiff says Defendant Judge Ratton has jurisdiction and the ability to correct Plaintiff's sentence to account for good time Plaintiff has been denied. (Doc. No. 1 at 4).  Plaintiff says he filed a Petition for Declaratory Judgment and Writ of Mandamus before Judge Ratton on November 22, 2024, but the Petition has not yet been addressed.  (Id.).  Plaintiff seeks help in connection with his pending Petition.  Pursuant to 28 U.S.C. § 1651, this Court may issue only writs "necessary or appropriate in aid of [its] jurisdiction[]."  28 U.S.C. § 1651.  Plaintiff's request for help with a state court criminal matter is not properly before this Court.

The Court notes that the proper instrument for initiating a civil action is a complaint.  Fed. R. Civ. P. 3.  Plaintiff's pleading is titled "Motion for Writ of Mandamus (28 U.S.C. § 1651)." But Plaintiff alleges the demand he pay for copies he "must obtain prior to filing a writ of mandamus in the Arkansas Supreme Court" "present[s] an obstacle to the enforcement of his civil constitutional rights."  (Doc. No. 1 at 5, 8).  This allegation could be construed as an access to the courts claim, a civil claim over which this Court has jurisdiction.

2

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[3]  The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA.  Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule.  28 U.S.C. §1915(g).  This exception does not apply to allegations of past danger.  The alleged harm must be "real and proximate" and occurring at the time the complaint is filed.  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

In his Writ of Mandamus pursuant to 28 U.S.C. § 1651, Plaintiff explains that he is attempting to exhaust state remedies after it was recommended that Plaintiff's 2024 federal habeas action be dismissed without prejudice for failure to exhaust. (Doc. No. 1 at 2).   But Plaintiff hit a roadblock: the Jackson County Circuit Court requires Plaintiff to pay $42.50 for copies he needs before filing a writ of mandamus in the Arkansas Supreme Court. (Id. at 5).  Plaintiff is indigent,

---

[3] Sherman v. Norris, et al., Case No. 5:97-cv-00405-DPM (E.D. Ark.) (dismissed August 3, 1988, for failure to state a claim) (no appeal filed); Sherman v. Correctional Medical Services, et al., Case No. 5:01-cv-161-JM (E.D. Ark.) (dismissed Sept. 18, 2001, for failure to state a claim) (no appeal filed; and Sherman v. Clark County, et al., Case No. 6:13-cv-6017-SOH (W.D. Ark.) (dismissed June 27, 2013, as frivolous, among other reasons) (no appeal filed).

cannot afford to pay for the copies, and asserts that it is unconstitutional for him to be required to do so. (Id. at 6). Plaintiff seeks an order from this Court that provides Plaintiff relief in the Circuit Court of Jackson County, Arkansas, and declares unconstitutional the requirement that Plaintiff pay for copies. (Id. at 7-8).

Even liberally construing Plaintiff's allegations, the Court finds those allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. As such, this case should be dismissed without prejudice pending payment of the $405 filing and administrative fee and Plaintiff's Motion for Writ of Mandamus (Doc. No. 1) should be denied as moot.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   This case be DISMISSED without prejudice;

2.   Plaintiff's Motion for Writ of Mandamus (Doc. No. 1) be DENIED as moot;

3.   If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $405 to the Clerk, noting the case style and number, within 15 days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened; and

4.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 26th day of May, 2026.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

4